UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

NANCY F., individually and on behalf of MERYL F.,

Plaintiffs,

-against-

OXFORD HEALTH PLANS and UNITED BEHAVIORAL HEALTH,

Defendants.

-----------------------------------------------------------------X

12 CV 5567 (NRB)(HP)

**ANSWER TO COMPLAINT**

DOCUMENT
ELECTRONICALLY FILED

Defendants, Oxford Health Plans (hereinafter "Oxford") and United Behavioral Health (hereinafter "UBH"), by its attorneys, Sedgwick LLP, as and for its Answer to plaintiffs' Complaint, respectfully set forth the following upon information and belief:

FIRST. Admit the truth of each and every allegation contained in paragraph "1" of plaintiffs' Complaint.

SECOND. Deny each and every allegation contained in paragraph "2" of plaintiffs' Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that Oxford is a foreign corporation duly licensed to do business in the State of New York that insured benefits under the Freedom Network Direct Plan For Standard Gold 11, Inc. (the "Plan") an employee welfare benefit plan under a Group Enrollment Agreement, subject to the terms, conditions, limitations and exclusion set forth in the applicable certificate of coverage and that plaintiff Meryl F. is a beneficiary under the Plan.

THIRD. Deny each and every allegation contained in paragraph "3" of plaintiffs' Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit UBH administers claims for mental healthcare services under the Plan.

FOURTH.	Admit the truth of each and every allegation contained in paragraph "4" of plaintiffs' Complaint.

FIFTH.	Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "5" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit that plaintiff received certain services at The Fulshear Ranch Academy ("Fulshear"), which is a residential treatment facility.

SIXTH.	Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of plaintiffs' Complaint and respectfully refer all questions of law to the Honorable Court, except admit that Oxford denied certain claims for benefits under the Plan because the services in question did not meet the Plan's medical necessity criteria for residential mental health treatment.

SEVENTH.	Admit the truth of each and every allegation contained in paragraph "7" of plaintiffs' Complaint.

EIGHTH.	Admit the truth of each and every allegation contained in paragraph "8" of plaintiffs' Complaint.

NINTH.	Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of plaintiffs' Complaint and respectfully refer all questions of law to the Honorable Court, except deny that plaintiffs are entitled to any of the relief requested the Complaint.

## FACTUAL BACKGROUND

TENTH. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

ELEVENTH. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

TWELFTH. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

THIRTEENTH. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FOURTEENTH. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the

administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FIFTEENTH.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

SIXTEENTH.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

SEVENTEENTH.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

EIGHTEENTH.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "18" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

NINETEENTH.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "19" of plaintiffs' Complaint as alleged,

respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

TWENTIETH.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "20" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-FIRST.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-SECOND.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "22" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-THIRD.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "23" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-FOURTH. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-FIFTH. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "25" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-SIXTH. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "26" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-SEVENTH. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "27" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-EIGHTH. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "28" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the

administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-NINTH.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "29" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

THIRTIETH.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "30" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-FIRST.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "31" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-SECOND.   Deny each and every allegation contained in paragraph "32" of plaintiffs' Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit Meryl F. was admitted at Fulshear on April 22, 2011 and remained there through September 13, 2011, that Oxford and UBH provided coverage for Meryl F.'s treatment from September 13, 2011 through May 16, 2011, and that Oxford denied coverage for additional treatment following that date based on its determination that further treatment at this facility was

not covered by the Plan because it did not meet the Plan's medical necessity criteria for residential mental health treatment.

THIRTY-THIRD.  Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "33" of plaintiffs' Complaint including footnote no. 1 as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-FOURTH.  Deny each and every allegation contained in paragraph "34" of plaintiffs' Complaint as alleged.

THIRTY-FIFTH.  Deny each and every allegation contained in paragraph "35" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff appealed the denial of coverage for the period between May 16, 2011 and September 13, 2011.

THIRTY-SIXTH.  Deny each and every allegation contained in paragraph "36" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff appealed the denial of coverage for the period between May 16, 2011 and September 13, 2011.

THIRTY-SEVENTH.  Deny each and every allegation contained in paragraph "37" of plaintiffs' Complaint as alleged, respectfully refer all questions of law to the Honorable Court and

respectfully refer to the administrative record pertaining to plaintiffs' benefit claims maintained by Oxford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit that Oxford upheld its original adverse determination on appeal and that this determination was also upheld following plaintiffs' external appeal to the New York State Independent External Review Agent.

THIRTY-EIGHTH.   Admit the truth of each and every allegation contained in paragraph "38" of plaintiffs' Complaint.

## CAUSE OF ACTION

THIRTY-NINTH.   Deny each and every allegation contained in paragraph "39" of plaintiffs' Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

FORTIETH.   Deny each and every allegation contained in paragraph "40" of plaintiffs' Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

FORTY-FIRST.   Deny each and every allegation contained in paragraph "41" of plaintiffs' Complaint.

FORTY-SECOND.   Deny each and every allegation contained in paragraph "42" of plaintiffs' Complaint.

FORTY-THIRD.   Deny each and every allegation contained in paragraph "43" of plaintiffs' Complaint.

FORTY-FOURTH.   Deny each and every allegation contained in paragraph "44" of plaintiffs' Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for additional days of in-patient mental healthcare benefits at Fulshear Ranch Academy are not covered pursuant to the explicit terms and conditions of the governing

ERISA Plan because they were not medically necessary and because Plaintiff Meryl F.'s ongoing treatment needs could be addressed at a less intense level of care.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

To the extent plaintiff Meryl F. received benefits for covered services, benefits were properly paid pursuant to the unambiguous terms of the governing ERISA Plan and no further benefits are payable for such claims.

**AS AND FOR A THIRD Affirmative defense**

Plaintiffs' claims fall outside of, or are otherwise defeated by the terms, conditions, limitations and exclusions of the governing ERISA Plan as set forth in the applicable Certificates of Coverage.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrines of waiver, estoppel and laches.

**AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against defendants.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part to the extent that plaintiffs failed to name an indispensable party, the Plan.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

The claims for which plaintiffs seek recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in the Complaint.

AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

Oxford acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, plaintiffs are barred from recovery for their claims in this action and the purported claims asserted therein.

AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Defendant, as claim fiduciary for the subject Plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe any and all disputed or doubtful terms of the policy; and defendants are deemed to have properly exercised this authority unless it abuses its discretion by action arbitrarily and capriciously. Defendants' decision-making was not arbitrary or capricious and therefore, the Court cannot disturb defendants' determination concerning plaintiffs' claims.

AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

All actions about which plaintiffs complain were either required or permitted by applicable law.

AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for attorney's fees under ERISA is unwarranted and premature.

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Court's review of Plaintiffs' claims against defendants is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by defendants in the regular course of their business.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

To the extent necessary, Oxford denies all allegations appearing as topic headings or subheadings in plaintiffs' Complaint.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against defendants are barred in whole or in part by the determination of the New York State External Appeal Agent's independent determination upholding Oxford's determination denying further in-patient residential mental health services after May 16, 2011.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fail to allege the circumstances relating to the claims asserted therein with sufficient particularity to enable defendants to determine whether it may have additional defenses in this action. Therefore, defendants reserve the right to assert such additional defenses if they later become apparent.

**WHEREFORE**, defendants pray:

1. That the action be dismissed, or that judgment be entered in favor of defendants and against plaintiffs;
2. that defendants be awarded costs of suit incurred herein;
3. that defendants be awarded reasonable attorney's fees; and

    4. that defendants be awarded such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 28, 2012

Respectfully submitted,

/s/

MICHAEL H. BERNSTEIN (MB-0579)
Sedgwick LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
T: (212) 422-0202
F: (212) 422-0925
michael.bernstein@sedgwicklaw.com
*Attorneys for Defendants - Oxford Health Plans and United Behavioral Health*

TO:

Scott M. Riemer, Esq. (SR5005)
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
T: (212) 297-0700
F: (212) 297-0730
sriemer@riemerlawfirm.com

Brian S. King, Esq. (#4610)
Brian S. King, Attorney at Law
336 South 300 East, Suite 200
Salt Lake City, UT 84111
T: (801) 532-1739
F: (801) 532-1936
*Pro Hac Vice admission pending*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** (on behalf of Oxford and United) was served *ECF and Regular Mail* on September 28, 2012, upon the following:

Scott M. Riemer, Esq. (SR5005)
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
T: (212) 297-0700
F: (212) 297-0730
sriemer@riemerlawfirm.com

Brian S. King, Esq. (#4610)
Brian S. King, Attorney at Law
336 South 300 East, Suite 200
Salt Lake City, UT 84111
T: (801) 532-1739
F: (801) 532-1936
*Pro Hac Vice admission pending*

*Attorneys for Plaintiffs*

Dated: New York, New York
September 28, 2012

/s/
MICHAEL H. BERNSTEIN (MB-0579)